IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1361-F |
| | ) | |
| CIMARRON CORRECTIONAL | ) | |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Robert Jones is a state prisoner challenging the conditions of his confinement.

Defendants O'Dell, Southard, Torbati, Choate, Davis, Van Winkle, Gillespie and Richardson

move for dismissal based on nonexhaustion of administrative remedies. The Court should

treat the motion as one for judgment on the pleadings.[1] Construed in this manner, the motion

should be granted and the action dismissed without prejudice.

---

[1]     These defendants filed an answer prior to the motion to dismiss. Defendants O'Dell, Southard, Torbati, Choate, Davis, Van Winkle, Gillespie, Richardson Answer to Plaintiff's Amended Complaint (Mar. 14, 2005). Mr. Jones contends that the motion to dismiss should have been filed prior to the answer. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss on Behalf of Defendant's [sic] O'Dell, Southard, Torbati, Choate, Davis, Van Winkle, Gillespie and Richardson at p. 2 (May 16, 2005). But a defendant can seek judgment on the pleadings, based on failure to state a valid claim, even after the filing of an answer. *See* Fed. R. Civ. P. 12(c), (h)(1)-(2). Thus, when a defendant files an answer and moves for dismissal based on nonexhaustion, the Court should treat the motion as one for judgment on the pleadings. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 n.4 (10th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004).

**Background**

Mr. Jones has alleged: (1) unconstitutional confiscation of federal benefits, (2) lack of medical treatment, (3) refusal to provide orthopedic boots, and (4) improper classification. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983; 29 U.S.C. § 794, *et. seq*; 42 U.S.C. 1985(3), 42 U.S.C. § 12132, *et. seq*; 42 U.S.C. § 2000d-7; 42 U.S.C. § 12182 *et. seq.*, *passim* (Mar. 2, 2005). According to the Plaintiff, these actions or inactions involved: (1) denials of due process and equal protection, (2) failure to properly train and supervise employees, (3) deliberate indifference to medical needs, and (4) conspiracy. *Id.*

The Plaintiff described numerous documents that he had filed in an attempt to exhaust his administrative remedies. *See id.* The Defendants do not dispute the filing of these documents. Defendants' Motion to Dismiss and Brief in Support at p. 4 (Apr. 29, 2005). Instead, prison officials argue that the documents did not supply fair notice of all of Mr. Jones' claims. *Id.* at p. 5. The Defendants are correct on the claims involving denial of equal protection, conspiracy, and inadequate training.

**Nonexhaustion of Available Administrative Remedies**

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). The prisoner must plead and prove satisfaction of the statutory exhaustion requirement. *See Steele v. Federal*

*Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004).  The requirement entails a duty to inform officials of "the nature" of the prisoner's specific complaints.  *Peoples v. Gilman*, 109 Fed. Appx. 381, 383 (10th Cir. Sept. 23, 2004) (unpublished op.); *see also Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004) (stating that the prisoner must state sufficient detail in the grievance to "give officials a fair opportunity to address the problem that will later form the basis of the lawsuit").  When the prisoner fails to comply with this duty for even a single claim, the Court must ordinarily dismiss the entire action.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

Mr. Jones' grievances do not include any facts or details that would put the reader on notice of a conspiracy, inadequate training, or unequal treatment of inmates.  *See* Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachments 4-7 (Mar. 17, 2005).  Thus, Mr. Jones failed to

exhaust his administrative remedies on these claims[2] and the Court should grant the motion

for judgment on the pleadings, dismissing the entire action[3] without prejudice[4] to refiling.

### **Impact of the Suggested Ruling on the Remaining Defendants**

The defendants include Mike Jackson, Ron Ward, the Cimarron Correctional Facility,

the Payne County Board of County Commissioners, the Oklahoma County Board of County

Commissioners, and the Oklahoma Department of Corrections.  These parties did not join

in the present dispositive motion.  But the suggested ruling would terminate the action with

respect to all of the defendants.  *See supra* p. 2.[5]

---

[2]        *See*, *e.g.*, *Smith v. Rudicel*, 123 Fed. Appx. 906, 907 (10th Cir. Feb. 17, 2005) (unpublished op.) (upholding a dismissal for nonexhaustion when the prisoner's grievances "failed to allege the racial basis that his § 1983 claim now entails"), *petition for cert. filed* (U.S. Apr. 22, 2005) (No. 04-9928); *Palozie v. Pugh*, 118 Fed. Appx. 478, 480 (10th Cir. Dec. 20, 2004) (unpublished op.) (upholding dismissal for nonexhaustion because the plaintiff's "documents [did] not necessarily match with specificity the claims raised in [his] complaint, nor [did] the documents establish [he] fully exhausted the administrative process"); *Griffin v. Samu*, 65 Fed. Appx. 659, 661-62 (10th Cir. Mar. 17, 2003) (unpublished op.) ("While Mr. Griffin did challenge the validity of the disciplinary action through the prison appeal system, even under the most expansive of readings these appeals did not allege his conviction and punishment were in retaliation for exercising his First Amendment rights.").

[3]        *See supra* p. 2 (discussing the "total exhaustion" rule).

[4]        *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice."), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004); *see also Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 & 1222-23 (10th Cir. 2001) (remanding with directions to dismiss the complaint without prejudice based on nonexhaustion of administrative remedies).

[5]        Messrs. Ward and Jackson and the Payne County Board of County Commissioners separately sought dismissal or summary judgment.  Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Brief in Support (Mar. 17, 2005); Defendant Board of County Commissioners of the County of Payne's Motion to Dismiss (Feb. 7, 2005).  But the suggested ruling would moot the dispositive motions filed by the Payne County Board of County Commissioners and Messrs. Ward and Jackson.

**<u>Notice of Right to Object</u>**

The parties may object to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1) (2000).  Any such objection must be filed with the Court Clerk for the United States District Court.  *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).  The deadline for objections is June 29, 2005.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object to this report and recommendation would constitute a waiver of the parties' right to appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**<u>Docketing Instructions</u>**

Upon affirmance or waiver of the right to appeal,[6] the suggested dismissal should count as a "prior occasion" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2000).[7]

The referral to the undersigned is terminated.

Entered this 8th day of June, 2005.

Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge

---

[6]     *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.").

[7]     *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004).