**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ROBERT JONES,                          )
                                       )
      Plaintiff,                 )
                                       )
vs.                                    )   Case No.  CIV-04-1361-F
                                       )
CIMARRON CORRECTIONAL                  )
FACILITY, et al.,                      )
                                       )
      Defendants.                )

## <u>ORDER</u>

This matter comes before the court on plaintiff's "Response to the Report and Recommendation" of Magistrate Judge Robert E. Bacharach.  (Response at doc. no. 79.)  Plaintiff is a state prisoner challenging the conditions of his confinement.  He appears pro se, and his pleadings are liberally construed.  Plaintiff's response does not object to the magistrate judge's Report and Recommendation to the extent that the Report recommends dismissal without prejudice based on plaintiff's failure to exhaust administrative remedies.  Plaintiff only objects to the Report to the extent that it recommends that the dismissal, upon affirmance or waiver of the right to appeal, be counted as a strike for purposes of 28 U.S.C. § 1915(g).

Having reviewed the Report's recommendation of dismissal and there being no objection to this aspect of the Report, the court finds that no purpose would be served by repeating the magistrate judge's analysis or findings here.  The court further finds and concludes that the recommendation of dismissal without prejudice for failure to exhaust should be affirmed and adopted.

With respect to plaintiff's position that the dismissal should not count as a prior strike under 28 U.S.C. § 1915(g), the court has reviewed the Report and

Recommendation de novo as required by 28 U.S.C. § 636(b)(1).  Observing that the magistrate judge converted the defendants' motion to dismiss to a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) because an answer had been filed at the time of the motion, plaintiff argues that the dismissal should be treated as a "summary judgment" and proposes that "a grant of summary judgment is not a strike."  (Response, p. 1.)  Plaintiff relies on Barela v. Variz, 36 F. Supp. 2d 1254 (S.D. Cal. 1999) for the proposition that a summary judgment adjudication is not a strike.  Barela, however, involved a summary judgment which had been entered on the merits after extensive litigation.  *Id.* at 1259.  It is was therefore inappropriate to count the summary judgment as a strike under § 1915(g) in that case.

Here, the court finds that the magistrate judge correctly converted defendants' motion to dismiss to a motion for judgment on the pleadings because an answer had already been filed when the motion was made.  *See*, Fed. R. Civ. P. 12(c).  Moreover, any distinction between a motion to dismiss and a motion for a judgment on the pleadings is merely semantic because the same standard applies to an evaluation of either kind of motion.  2 Moore's Federal Practice, § 12.38, n.6 (Matthew Bender  3d ed.).  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003) states that, even though a dismissal based on lack of exhaustion of administrative remedies is ordinarily without prejudice, "[n]evertheless, the dismissal may constitute a strike for purposes of 28 U.S.C. § 1915(g)."  For the purposes of considering whether a dismissal for failure to exhaust should be considered a strike, it makes no difference whether the dismissal results from a motion to dismiss or from a motion to dismiss converted to a motion for judgment.  The result is the same: a dismissal without prejudice for failure to exhaust, a result which may be counted as a strike under Steele.

Therefore, having fully considered the Report and Recommendation, the plaintiff's response, and the relevant legal authorities, the Report and Recommendation is hereby **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety. The motion to dismiss of defendants O'Dell, Southard, Torbati, Choate, Davis, Van Winkle, Gillespie and Richardson, converted to a motion for judgment on the pleadings, is **GRANTED**.   (Motion at doc. no. 65.)  Accordingly, this action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.  Upon affirmance or waiver of the right to appeal, this dismissal shall count as a prior occasion for purposes of the Prison Litigation Reform Act, 28 U.S.C. §1915(g)(2000).

This dismissal moots the other two pending motions:  the motion to dismiss or, in the alternative, motion for summary judgment filed by defendants Ward and Jackson (doc. no. 47), and the motion to dismiss filed by defendant Payne County Board of County Commissioners (doc no. 42).  Those two motions are **STRICKEN** as moot.

Dated this 25th day of August, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1361p003(pub).wpd